```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

| | | |
|---|---|---|
| GERTRUDE WARD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION 05-0226-WS-M |
| | : | |
| JO ANNE B. BARNHART, | : | |
| Commissioner of | : | |
| Social Security, | : | |
| | : | |
| Defendant. | : | |

REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 22), Defendant's Opposition to Plaintiff's Application for Attorney Fees and Expenses Under the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. 23), and Plaintiff's Reply to Defendant's Opposition to Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 24). After consideration of the pertinent pleadings, it is recommended that the motion be granted and that Plaintiff's counsel be awarded an Equal Access to Justice Act (hereinafter EAJA) attorney's fee in the amount of $1,292.50.

Plaintiff filed this action on April 13, 2005 (Doc. 1). After the issues in dispute had been briefed, the Court, by Order dated September 26, 2005, set this action for oral argument on October 21, 2005 (Doc. 15). On September 29, 2005, the parties agreed to waive oral argument (Doc. 16). On October 4, 2005, the

undersigned entered a Report and Recommendation, recommending that the decision of the Commissioner be reversed and that this action be remanded to the Secretary for further proceedings (Doc. 18).  On October 28, 2005, the Court adopted the Report and Recommendation and entered judgment in favor of Plaintiff, reversing and remanding this action for further administrative proceedings (Docs. 20 and 21).

On December 29, 2005, Michael Miskowiec, counsel for Plaintiff, filed a Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, in which Plaintiff asserts that Defendant's position was not substantially justified and requests a fee of $1,292.50, computed at an hourly rate of $125.00 for 10.34 hours spent in this Court (Doc. 22). Defendant, in her Opposition filed January 12, 2006, contends that the Court should find that the Commissioner's position was substantially justified and requests that Plaintiff's claim for EAJA attorney's fees be denied (Doc. 23).  Defendant does not object to the hours or hourly rate requested.

The EAJA requires a court to

> award to a prevailing party ... fees and
> other expenses ... incurred by that party in
> any civil action ..., including proceedings
> for judicial review of Agency action, brought
> by or against the United States ..., unless
> the court finds that the position of the
> United States was substantially justified or
> that special circumstances make an award
> unjust.

28 U.S.C. § 2412(d)(1)(A).  The EAJA further requires that a prevailing party file an application for attorney's fees within thirty days of final judgment in the action.  28 U.S.C. § 2412(d)(1)(B).  The court's judgment is final sixty days after it is entered, which is the time in which an appeal may be taken pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure.  See Shalala v. Schaefer, 509 U.S. 292, 113 S.Ct. 2625, 2632 (1993).

As set out above, there are three statutory conditions which must be satisfied before EAJA fees may be awarded under 28 U.S.C. § 2412.  *See Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990).  First, the claimant must file an application for fees within the thirty-day period.  Second, the claimant must be a prevailing party.  Third, the Government's position must not be substantially justified.  Defendant concedes that Plaintiff meets the first two conditions but asserts the Government's position was substantially justified.

With regard to this last condition, in order for Plaintiff to recover attorney's fees under the EAJA, the Government must fail to "establish that its positions were 'substantially justified' or that there exist 'special circumstances' which countenance against the awarding of fees."  *Myers*, 916 F.2d at 666 (interpreting and referring to 28 U.S.C. § 2412(d)(1)(A)).  That means that the Government must show that there was a

3

"reasonable basis both in law and fact" for the positions it took.  *Myers*, 916 F.2d at 666 (citations omitted).  The Court notes that "[a]n examination of whether the government's position was substantially justified encompasses an evaluation of both the agency's prelitigation conduct and the subsequent litigation positions of the Justice Department ....  Unless the government can establish that all of its positions were substantially justified, the claimant is entitled to receive attorney's fees."  *Myers*, 916 F.2d at 666 n.5 (emphasis in original; citations omitted).  Though Defendant bears the burden of showing that its position was substantially justified, "[t]he fact that the government lost its case does not raise a presumption that the government's position was not substantially justified."  *Ashburn v. United States*, 740 F.2d 843, 850 (11th Cir. 1984).

In the Report and Recommendation dated October 4, 2005 (Doc. 18), the Court found that

> the ALJ has failed to satisfy the
> requirements of Ruling 82-62 and 20 C.F.R.
> 404.1520(e).  Though the ALJ found that Ward
> could perform her past work as an assembly
> line worker, nowhere in his decision is there
> a statement of the physical and mental
> demands of that job.  Furthermore, while
> there is some evidence of the physical
> demands of Plaintiff's job in the transcript,
> there is no evidence in the record concerning
> the mental demands of her work.

(Doc. 18, p.8).

Defendant in her Opposition (Doc. 23) states that there was

a reasonable basis in law and fact for the Commissioner's position that Plaintiff retained the residual functional capacity to perform the requirements of her past relevant work and, thus, was not disabled.  However, the Court disagrees.  As more fully set out in the Report and Recommendation, the Court found that

> [i]n light of the ALJ's specific finding that Ward suffers from borderline intellectual functioning (Tr. 20, ¶ 2), ... the ALJ's decision that she can return to her past work as an assembly line worker is not supported by substantial evidence.  Though the ALJ's conclusion may be correct, the record-and his determination as written-does not support it.

(Doc. 18, p.8).

The ALJ failed to evaluate Plaintiff's claim and make a record as required by the regulations and the law.  Therefore, the Court, based on the record before it, finds that the position that Defendant took was not reasonable both in law and in fact and, therefore, not substantially justified.

Having found that the three prerequisites have been satisfied, the Court will now discuss the fee to be awarded in this action.  The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute.  The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"  <u>Watford v. Heckler</u>, 765 F.2d 1562, 1586 (11th Cir. 1985)(EAJA), quoting <u>Hensley v. Eckerhartt</u>, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983)(§

5

1988).  In describing this lodestar method of calculation, the United States Supreme Court stated:

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.  The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly.  The district court also should exclude from this initial fee calculation hours that were not "reasonably expended" ....  Cases may be overstaffed, and the skill and experience of lawyers vary widely.  Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.  In the private sector, 'billing judgment' is an important component in fee setting.  It is no less important here.  Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.

Hensley, 461 U.S. at 434 (citations omitted).  Counsel must use professional judgment in billing under EAJA.  A lawyer should only be compensated for hours spent on activities for which he would bill a client of means who was seriously intent on vindicating similar rights.  Norman v. Housing Authority, 836 F.2d 1292, 1301 (11th Cir. 1988).

The Court, after examination of Plaintiff's Motion and supporting documentation, and after consideration of the reasonableness of the hours claimed, finds that Plaintiff's time

expended in prosecuting this action for a total of 10.34 hours is reasonable.

With respect to a determination of the hourly rate to apply in a given EAJA case, the express language of the Act provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(Supp. 1997).

In Meyer v. Sullivan, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

> The first step in the analysis, ... is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." ... The second step, which is needed only if the market rate is greater than $75 per hour, is to determine whether the court should adjust the hourly fee upward...to take into account an increase in the cost of living, or a special factor.

Id. at 1033-34 (citations omitted & footnote omitted)[1].  The

---

[1] Subsequent to Meyer, the cap was raised from $75.00 per hour to $125.00 per hour, as set out above in 28 U.S.C. § 2412(d)(2)(A)(Supp. 1997).

applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. <u>NAACP v. City of Evergreen</u>, 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work.  <u>Blum v. Stenson</u>, 465 U.S. 886, 104 S.Ct. 1541, 1547 n.11 (1984).  Where the fees or time claimed seem expanded or there is lack of documentation or testimony in support, the court may make an award on its own experience. <u>Norman v. City of Montgomery</u>, 836 F.2d 1292, 1303 (11th Cir. 1988).  Where documentation is inadequate, the court is not relieved of its obligation to award a reasonable fee, but the court traditionally has had the power to make such an award without the need of further pleadings or an evidentiary hearing. <u>Id</u>.

The prevailing market rate in the Southern District of Alabama is $125.00 per hour.  <u>See</u> <u>Smith v. Massanari</u>, Civil Action 00-0812-P-M (October 25, 2001); <u>Boone v. Apfel</u>, Civil Action 99-0965-CB-L (August 30, 2001); <u>Lee v. Massanari</u>, Civil Action 00-0518-RV-S (June 29, 2001); <u>Willits v. Massanari</u>, Civil Action 00-0530-RV-C (May 4, 2001); and <u>Square v. Halter</u>, Civil Action 00-0516-BH-L (April 12, 2001).  Because the market rate is not greater than the statutory rate of $125.00 per hour, the Court need not reach the second step set out in the <u>Meyer</u> case. Multiplying the 10.34 hours by the Southern District of Alabama

8

inflation-adjusted prevailing market rate of $125.00 results in a fee of $1,292.50.

In conclusion, and for the reasons set out above, it is recommended that Plaintiff's motion be granted and that Plaintiff's counsel be awarded an EAJA fee in the amount of $1,292.50.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the

objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 4th day of May, 2006.

                                    s/BERT W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE